DUMAS v. HELM

1. VENDOR AND PURCHASER—LAND CONTRACT—ACCELERATION PROVISION.

    Acceleration clause of a land contract providing that in the event of default by the purchaser for more than 45 days vendor could declare the entire unpaid balance to be due and payable *held*, valid and enforceable.

2. SAME—LAND CONTRACT—ACCELERATION IN COMPLAINT TO FORECLOSE.

    Vendor under land contract may use the foreclosure complaint to declare the unpaid balance due pursuant to an acceleration clause in the contract.

3. EQUITY—DISCRETION OF THE COURT.

    Equity courts do not have arbitrary discretion, nor can they enlarge the rights which a statute grants, but they must act in accordance with the fixed principles and precedents of equity.

4. VENDOR AND PURCHASER—LAND CONTRACT—ACCELERATION—FORECLOSURE.

    A statute allowing a complaint for foreclosure of a land contract, on which there are portions or installments to become due subsequently, to be dismissed before judgment of sale if purchaser pays the principal and interest due does not apply to land contracts which have been accelerated (CLS 1961, § 600.3110).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 55 Am Jur, Vendor and Purchaser § 340.
[2, 4, 5] 55 Am Jur, Vendor and Purchaser §§ 340, 453.
[3] 27 Am Jur 2d, Equity § 102.
[6] 41 Am Jur, Pleading §§ 340-343; 55 Am Jur, Vendor and Purchaser §§ 340, 453.

5. SAME—LAND CONTRACT—ACCELERATION—PURCHASER'S IMPROVE-
MENTS—BASIS FOR RELIEF.

   Where vendor under land contract exercises his right to accelerate
   the purchase price upon the failure of purchaser to make
   timely payments, the improvement of the property by the
   purchaser is not sufficient ground to invoke the equitable
   powers of the court to defeat vendor's right to foreclose the
   contract.

6. JUDGMENT — SUMMARY JUDGMENT — LAND CONTRACT — ACCELERA-
TION PROVISION—EXERCISE.

   Where the facts concerning the breach of a land contract are
   not in dispute, the acceleration clause in the land contract
   is exercised, and there is no genuine issue of fact, a vendor
   is entitled to summary judgment in his action to foreclose
   the contract.

Appeal from Oakland, Beer (William John), J.
Submitted Division 2 June 4, 1968, at Lansing.
(Docket No. 4,350.) Decided December 23, 1968.
Leave to appeal denied June 10, 1969. See 382
Mich 759.

Complaint by Joseph E. Dumas, Jr., Dorothea
Dumas, and Mary Dumas against Carl H. Helm and
Helen I. Helm for foreclosure of a land contract,
and to accelerate the full balance due. Plaintiffs'
motion for summary judgment denied, and cause
dismissed. Plaintiffs appeal. Reversed and re-
manded for summary judgment for plaintiffs.

*Alan G. Greenberg,* for plaintiffs.

*Keeling, Bogue & Huthwaite,* for defendants.

LESINSKI, C. J. On March 25, 1965, defendants
entered into a land contract with plaintiffs for the
purchase of property in Oakland county, Michigan.
The total purchase price under the contract was $5,-

500, of which $500 was paid immediately. Defendants defaulted in making certain monthly payments of principal and interest provided for in the contract.

Prior to the default which occasioned this suit, defendants fell behind often. There were several circuit court commissioners' forfeiture actions, but defendants redeemed in each case. In addition, plaintiffs had instituted an earlier equity foreclosure action in circuit court but had allowed defendants to redeem by making up the payments which were in default.

Plaintiffs commenced this action on April 10, 1967, having last received payment of monthly installments on January 27, 1967. Defendants admitted in sworn answers to interrogatories that plaintiffs' complaint listed all payments made by them.

Paragraph 3g of the land contract provides as follows:

"If default is made by purchaser and such default continues for a period of forty-five days or more, and the seller desires to foreclose this contract in equity, then the seller shall have at his option the right to declare the entire unpaid balance hereunder to be due and payable forthwith, notwithstanding anything herein contained to the contrary."

In paragraph 9 of their complaint filed in this cause, plaintiffs exercised their option under paragraph 3g of the contract, declaring the entire unpaid balance due and payable forthwith. Unquestionably, defendants had been in continuous default for more than 45 days.

Plaintiffs moved for summary judgment which was denied by the circuit judge upon defendants' agreeing to bring the monthly installments up to date and pay $50 court costs, which they did. The

court also denied plaintiffs' motion for rehearing and granted an oral motion by defendants to dismiss the cause.

The issues on appeal are whether plaintiffs may accelerate the payment due according to paragraph 3g of the contract; whether they may exercise that provision of the contract in the complaint for foreclosure without prior notice to defendants; whether the trial court erred in dismissing plaintiffs' action upon payment by defendants of the then outstanding monthly payments and court costs; and whether the trial court should have granted summary judgment for plaintiffs.

In this State acceleration clauses such as that in paragraph 3g of the land contract, even when harsh, are enforceable. *Brody* v. *Crozier* (1928), 242 Mich 660; *Young* v. *Zavitz* (1961), 365 Mich 354.

The right of plaintiffs to use their foreclosure complaint to declare the unpaid balance due pursuant to paragraph 3g is likewise upheld by clear precedent. *Bedford* v. *Tetzlaff* (1953), 338 Mich 102.

Defendants insist that the circuit court acted within its discretion as a court of equity in dismissing plaintiffs' action after payment into court of the missed monthly payments and $50 costs, citing their uncontested affidavit claiming to have invested $2,000 in materials alone in the property and their present willingness to pay past installments as the basis of their entitlement to equitable relief.

The discretion of equity courts "is not an arbitrary one, but must be exercised in accordance with the fixed principles and precedents of equity jurisprudence." *Youngs* v. *West* (1947), 317 Mich 538, 545. In *Wood* v. *Button* (1919), 205 Mich 692, 703, the Supreme Court said:

"The case presented is not one to be determined upon some notion of general equities. The par-

ties have a right to stand upon the law. *Carlisle* v. *Dunlap*, 203 Mich 602. The right to redeem from a foreclosure at law is a legal right, is created by the statute, and can neither be enlarged nor abridged by courts."

See, also, *Heimerdinger* v. *Heimerdinger* (1941), 299 Mich 149.

The statute suggested by defendant as a basis for the trial court's actions, CL 161, § 600.3110 (Stat Ann 1962 Rev § 27A.3110), does not apply where an acceleration clause has been properly invoked, as in the case at bar. It reads:

"Whenever a complaint is filed for the satisfaction or foreclosure of any mortgage on real estate or land contract, upon which there is due any interest or any portion or installment of the principal and there are other portions or installments to become due subsequently, the complaint shall be dismissed upon the defendant's bringing into court, at any time before the judgment of sale, the principal and interest due, with costs."

Attention is called to the clause "and there are other portions or installments to become due subsequently." This clause would be mere surplusage if not read as excluding land contracts which have been accelerated. When an acceleration clause has been exercised, there are no future installments due; the entire balance is due at once and the land contract does not fall within the scope of the statute. It is not within the discretion of a court of equity in this State to enlarge the rights which a statute grants, especially when the legislature has specifically exempted the type of case involved.

Defendants' claimed basis for equitable relief, namely, the improvement of the property by an investment of at least $2,000, is not sufficient ground

to invoke the equitable powers of the court to defeat plaintiffs' legal rights. Equity in this matter would appear to be with the cause of the plaintiffs, who because of the several defaults of the defendants, have been denied on time the moneys due them and the expenditure of money for attorneys' fees, etc. to enforce the contract. The rights of redemption provided for in foreclosure matters provide defendants with adequate relief. Therefore, the circuit court erred in dismissing plaintiffs' action when defendants paid up the back installments.

As to whether the trial court should have granted plaintiffs' motion for summary judgment, the case law speaks clearly. See: *Dionne* v. *Pierson Contracting Company* (1965), 2 Mich App 134; *Larson* v. *Pittman* (1966), 3 Mich App 348. Where as in this cause the facts concerning the breach of the land contract are not in dispute, the acceleration clause provided for in the contract is exercised and there is no genuine issue of fact, plaintiffs are entitled to summary judgment.

Reversed and remanded to the trial court for entry of judgment in accord with this opinion. Costs to appellants.

R. B. BURNS and FENLON, JJ., concurred.