COOPER v JEFFERSON INVESTMENT COMPANY

1. VENDOR AND PURCHASER—FORECLOSURE—ACCELERATION CLAUSE.

    A foreclosure action brought under an acceleration clause in a contract for the sale of land should not be dismissed where the breach of the contract is not disputed.

2. VENDOR AND PURCHASER—FORECLOSURE—TENDER OF PAYMENT— ACCELERATION CLAUSE—NOTICE.

    Tender by a land contract vendee of an overdue payment prior to receipt of the vendor's notice of intent to foreclose is no defense to an action to foreclose brought pursuant to an acceleration clause; such foreclosure action requires no preliminary notice to the vendee and can be instituted by simply foreclosing for the full amount.

Appeal from Macomb, Hunter D. Stair, J. Submitted June 10, 1976, at Detroit. (Docket No. 25897.) Decided August 5, 1976.

Complaint by George M. Cooper and Marie Cooper against Jefferson Investment Company and its individual partners for foreclosure on a land contract. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*John H. Yoe,* for plaintiffs.

*Joseph E. Mihelich* and *Lee D. Tout,* for defendant Frank C. Piku.

Before: J. H. GILLIS, P. J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 77 Am Jur 2d, Vendor and Purchaser §§ 303, 421.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Per Curiam. Plaintiffs sold land to the defendant partnership on land contract. The land contract contained an acceleration clause allowing plaintiffs to foreclose if any payment was 45 days overdue. The December 1st and January 1st payments were not made until January 20th. The February and March payments were timely. The April 1st and May 1st payments were not made on time, so plaintiffs brought this action to foreclose.

On June 9, Piku was served with the complaint. He thereafter filed a motion for summary judgment, claiming that he had tendered payment for the April, May and June installments on June 6th. Plaintiffs claimed that the tender was too late, and they would not accept it. The trial court granted summary judgment for defendants, finding foreclosure to be too harsh a remedy since payment was tendered and defendants had substantial equity in the land.

The trial court erred as a matter of law in not granting foreclosure. A trial court should not, in exercising its discretion as a court of equity, dismiss a foreclosure action brought under an acceleration clause for overdue payment where the breach of the contract is not disputed. *Russell v Glantz,* 57 Mich App 44; 225 NW2d 191 (1974), *Dumas v Helm,* 15 Mich App 148; 166 NW2d 306 (1968).

The April 1st payment was more than 45 days overdue. The fact that payment was tendered prior to notice of intent to foreclose is no defense. An acceleration clause election requires no preliminary notice and can be instituted by simply foreclosing for the full amount. *Hawes v Detroit Fire & Marine Insurance Co,* 109 Mich 324; 67 NW 329 (1896).

Reversed and remanded for entry of judgment of foreclosure. Costs to plaintiffs.