COOPER V JEFFERSON INVESTMENT COMPANY

Docket No. 59015. Submitted January 4, 1978 (Calendar No. 5).—
Decided February 27, 1978.

George M. Cooper and Marie Cooper brought an action for
foreclosure under an acceleration clause of a land contract
against Jefferson Investment Company and its partners. De-
fendant Frank C. Piku moved for accelerated or summary
judgment and the Macomb Circuit Court, Hunter D. Stair, J.,
dismissed the complaint as to defendant Piku. The Court of
Appeals, J. H. Gillis, P. J., and T. M. Burns and Van Valken-
burg, JJ., reversed in a per curiam opinion and remanded for
entry of a judgment of foreclosure (Docket No. 25897). Defend-
ant Piku appeals. *Held:*

The Court of Appeals erred in not remanding to the trial
court for further proceedings so that defendant Piku could be
given a chance to answer. Although, for purposes of the defend-
ant's motion for accelerated or summary judgment, the effect of
the motion is to concede facts in the complaint, it is not true
that those facts were completely and finally conceded by him.
Defendant Piku shall be afforded an opportunity to assert the
factual and legal defenses which he has raised.

The decision of the Court of Appeals is reversed in part and
remanded for further proceedings.

70 Mich App 597; 246 NW2d 311 (1976) reversed in part.

*John H. Yoe* for plaintiffs.

*Joseph E. Mihelich* for defendant Piku.

PER CURIAM. The first two issues posed by de-
fendant-appellant Frank C. Piku on this appeal
focus on the relief afforded by the Court of Ap-
peals in its decision[1] to reverse and remand "for
entry of judgment of foreclosure". The case was

---

[1] 70 Mich App 597; 246 NW2d 311 (1976).

resolved by the trial judge on Piku's motion for accelerated and/or summary judgment. The issues which concern us involve the propriety of entry of a judgment of foreclosure before Piku has been given the opportunity to answer on the merits of the case. We vacate the Court of Appeals grant of relief and remand so that Piku has an opportunity to answer on the merits and defend his position.

Plaintiffs George and Marie Cooper, by a complaint filed in 1975, sought to foreclose on a land contract pursuant to an acceleration clause. Piku responded, as he was allowed to under GCR 1963, 116.1, with a motion entitled "Defendant's Motion for Accelerated and/or Summary Judgment". Plaintiffs answered that motion. On August 4, 1975, an order dismissing plaintiffs' claim as to Piku was entered. On appeal to the Court of Appeals, the panelists treated the merits of an acceleration clause issue, said the trial judge "erred as a matter of law in not granting foreclosure", and remanded for entry of a foreclosure judgment.

The Court of Appeals erred by not remanding for further proceedings so that Piku could be given a chance to answer. Piku raised this problem in an application for rehearing filed in the Court of Appeals, but the panelists denied the application for lack of merit in the grounds presented.

Piku contends that while, for purposes of his trial court motion, the effect of the motion is to concede facts in the complaint, it is not true that such facts were completely and finally conceded by him. We agree. Piku asserts that he wishes to raise factual issues concerning timely performance, the default status of the land contract, and mistake. We hold that Piku shall be afforded an opportunity to assert these factual and legal de-

fenses. Plaintiffs' contention that Piku has made a "choice of remedies" cannot be accepted.

In view of the disposition of this case, we need not address the issues discussed by the Court of Appeals.

Remanded for further proceedings consistent with this opinion. Costs of this appeal to abide the final outcome of the case. Piku's motion to strike, filed after written presentation of this case at our January term, is moot and is therefore denied because plaintiffs' supplemental brief was unnecessary to resolution of this case.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.