SINDLINGER v PAUL

Docket No. 78351. Submitted May 15, 1985, at Lansing.—Decided August 19, 1985. Leave to appeal applied for.

Douglas V. and Arlene F. Sindlinger sold a parcel of real estate to Robert E. and Karen B. Paul by land contract in 1979. The Pauls failed to make five monthly payments from September, 1983, to January, 1984. On January 17, 1984, the Pauls conveyed their interest in the land contract to a third party and tendered payment to the Sindlingers to cover the amount owed for the five missed payments. The Sindlingers refused the tender and filed a foreclosure action against the Pauls in Washtenaw Circuit Court. Defendants filed a motion for accelerated judgment on the ground that plaintiffs' complaint for foreclosure was barred because they had failed to give defendants notice of foreclosure before defendants tendered payment of the amount owed. Plaintiffs moved for summary judgment claiming that defendants did not have a valid defense because the land contract did not require notice of intent to foreclose. The trial court, Ross W. Campbell, Jr., J., granted defendants' motion for accelerated judgment. Plaintiffs appealed. *Held:*

The trial court erroneously granted accelerated judgment to defendants by misconstruing the forfeiture and foreclosure provisions of the land contract. Under the acceleration clause, plaintiffs were not required to provide defendants with notice or to allow them a period of time in which to make their payments current. Plaintiffs were under no obligation to accept the tender by defendants and they are therefore not barred from maintaining this foreclosure action.

Reversed and remanded for further proceedings.

1. VENDOR AND PURCHASER — LAND CONTRACTS — FORECLOSURE — NOTICE — FORFEITURE.
   A land contract in default can be accelerated and be foreclosed

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] Am Jur 2d, Vendor and Purchaser §§ 580 *et seq.*
   Modern status of defaulting vendee's right to recover contractual payments withheld by vendor as forfeited. 4 ALR4th 993.
[2, 4] Am Jur 2d, Vendor and Purchaser § 303.
   See the annotations in the ALR3d/4th Quick Index under Vendor and Purchaser.

without first giving the vendee notice and an opportunity to pay when, in the same circumstances, a forfeiture action could not have been had without prior notice.

2. Vendor and Purchases — Land Contracts — Acceleration Clauses.

Acceleration clauses in land contracts are valid and enforceable.

3. Vendor and Purchases — Land Contracts — Foreclosure — Notice of Intent to Foreclose.

The institution of foreclosure proceedings is sufficient notice that the seller of property by land contract has elected to exercise the right to accelerate payment of the remaining balance; no prior notice of the intent to foreclose is necessary.

4. Vendor and Purchases — Land Contracts — Foreclosure — Tender of Payment — Acceleration Clauses — Notice.

Tender by a land contract vendee of an overdue payment prior to receipt of the vendor's notice of intent to foreclose is no defense to an action to foreclose brought pursuant to an acceleration clause; such foreclosure action requires no preliminary notice to the vendee and can be instituted by simply bringing the foreclosure action for the full amount.

*Kitchen & Mollison* (by *William R. Mollison*), for plaintiffs.

*Hendley & Datsko, P.C.* (by *James R. Datsko*), for defendants.

Before: T. M. Burns,P.J., and Allen and M. J. Talbot,* JJ.

Allen, J. Plaintiffs appeal as of right from the May 3, 1984, order which granted defendants' motion for accelerated judgment and dismissed plaintiffs' complaint for foreclosure. We reverse.

Plaintiffs sold to defendants a parcel of real estate by land contract on February 15, 1979. The purchase price was $20,000 with no down pay-

* Recorder's court judge, sitting on the Court of Appeals by assignment.

ment, and defendants were to make monthly payments of $150. The land contract contained the follwoing standard clauses:

"Right to Forfeit

"3(f) If the Purchaser shall fail to perform this contract or any part thereof, the Seller immediately after such default shall have the right to declare the same forfeited and void, and retain whatever may have been paid hereon, and all improvements that may have been made upon the premises, together with additions and accretions thereto, and consider and treat the Purchaser as his tenant holding over without permission and may take immediate possession of the premises, and the Purchaser and each and every other occupant removed and put out. In all cases where a notice of forfeiture is relied upon by the Seller to terminate rights hereunder, such notice shall specify all unpaid moneys and other breaches of this contract and shall declare forfeiture of this contract effective in fifteen days after service unless such money is paid and any other breaches of this contract are cured within that time.

"Acceleration Clause

"3(g) If default is made by the Purchaser and such default continues for a period of forty-five days or more, and the Seller desires to foreclose this contract in equity, then the Seller shall have at his option the right to declare the entire unpaid balance hereunder to be due and payable forthwith, notwithstanding anything herein contained to the contrary."

It is undisputed that defendants failed timely to make the five monthly payments due between September 1, 1983, and January 1, 1984. On January 26, 1984, plaintiffs filed a complaint for foreclosure of the land contract. Apparently, sometime before the complaint was filed, defendants informed plaintiffs that they were unable to make the payments and would be attempting to sell their interest in the land contract. On January 17,

1984, defendants conveyed their interest to a third party and tendered $750, representing the five overdue payments, to plaintiffs' attorney. That tender was refused and the complaint for foreclosure was filed. Plaintiffs averred that the filing of the complaint constituted an exercise of their option to accelerate the entire unpaid balance of the land contract.

On April 19, 1984, defendants filed a motion for accelerated judgment pursuant to GCR 1963, 116.1(5) (now MCR 2.116[C][7]) on the ground that the plaintiffs' complaint for foreclosure was barred because they had failed to give defendants notice of foreclosure before they tendered payment on January 17, 1984. On April 16, 1984, plaintiffs moved for summary judgment pursuant to GCR 1963, 117.2(3) (now MCR 2.116[C][10]) claiming that defendants did not have a valid defense because the land contract did not require notice of intent to foreclose. After hearing argument on both motions, the trial court held:

"All right, I'm inclined to construe the contract as to read paragraph F and G in a manner which allows them both to operate. I don't see them as being mutually exclusive. It seems to me that what their purpose is to give the seller the right under paragraph F to proceed by summary proceeding and require first that we give a notice of forfeiture so that the vendee may pay up within the 15 day period and avoid being ousted. I see paragraph G has a prerequisite to equitable action by the seller vendor whereby among other things the equity of redemption can be foreclosed and the seller can get a judgment for any deficiency among other things, greater remedies than under the summary proceedings but I read paragraph G as being the default which is specified in paragraph F, that is that a notice to terminate right would have to be given and the notice would specify the monies and other breaches and there would be a 15-day period after service for the

purchaser to bring the contract current and avoid either a forfeiture or an equitable action to foreclose. I realize that the paragraph G can be read in the fashion that the vendor would have us read here but it seems to me that is unduly harsh and it would seem stange that the greater penalty, that is, the foreclosure in equity would be predicated upon no notice whereas the lesser remedy of a mere forfeiture without foreclosure of equity would be taken only if notice were given so I will deny the Motion For a Summary Judgment. Interesting question."

The trial court erred in reading paragraphs (f) and (g) in conjunction and in holding that the procedure set forth in the forfeiture provision, requiring notice and establishing a 15-day period in which the vendee may bring the payments to date, applied to the acceleration/foreclosure clause. The remedies of forfeiture and foreclosure are separate and distinct. See*Minchella v Fredericks,* 138 Mich App 462; 360 NW2d 896 (1984).

Here, plaintiffs exercised their option to foreclose the contract by proceeding under paragraph (g), the acceleration clause, of the land contract. While plaintiffs could have proceeded under the forfeiture provision, they were not obligated to do so and nothing required them to satisfy the notice requirement necessary for a forfeiture action prior to instituting a foreclosure action in circuit court. Even defendants concede in their appellate brief that plaintiffs "can statutorily foreclose without advance notice even where the land contract fails to provide for foreclosure". We find that, under prevailing authority and under the parties' contract, plaintiffs were not required to give notice of their intent to foreclose. See, *Minchella, supra; Dumas v Helm,* 15 Mich App 148; 166 NW2d 306 (1968). As stated in *Bishop v Brown,* 118 Mich App 819, 829; 325 NW2d 594 (1982):

"Under MCL 600.3101; MSA 27A.3101, circuit courts have jurisdiction to foreclose land contracts. Acceleration clauses in land contracts are valid and enforceable. *Larson v Pittmen,* 3 Mich App 348; 142 NW2d 479 (1966). *The institution of foreclosure proceedings is sufficient notice that the seller has elected to exercise the right to accelerate. No prior notice of the intent to foreclose is necessary, Dumas v Helm.* 15 Mich App 148, 151; 166 NW2d 306 (1968)." (Emphasis added.)

We also reject defendants' claim that plaintiffs were required under paragraph 3(k) of the land contract to provide them with a declaration or notice of acceleration by mail. Defendants claim that, in order for plaintiffs to have declared the contract accelerated, they must have performed some unequivocal act, such as filing a complaint for foreclosure or mailing them a formal notice of acceleration, prior to their tender of the past due payments. Reliance on 3(k) is unwarranted. That provision merely provides that properly addressed and posted notices, declarations or other papers are conclusively presumed to be served upon the purchaser once the seller deposits them in a United States Post Office box. It does not set forth a contractural obligation to provide written notice of a declaration of foreclosure.

The acceleration clause contained in the land contract allowed plaintiffs to declare the entire unpaid balance of the contract due and payable in the event that defendants were in default for a period of 45 days or more. Although defendants asserted that they had tendered the amount of the overdue payments to plaintiffs on January 17, they did not dispute that the five monthly payments were not paid on their due dates. Thus, it is clear that at least four of the five payments were overdue by at least 45 days at the time or the tender and before the filing of the complaint. Given these

undisputed facts, plaintiffs were well within their contractural rights in initiating the foreclosure action based on the default of defendants.

Nor do we find that plaintiffs were precluded from exercising their option to foreclose and accelerate the contract due to their rejection of the tender of the five overdue payments. In *Cooper v Jefferson Investment Co,* 70 Mich App 597; 246 NW2d 311 (1976), *rev'd on other grounds* 402 Mich 294 (1978), under similar facts, this Court held that the tender of the payment prior to notice of the intent to foreclose was no defense to the foreclosure action. We agree. Here, the default by defendants occurred when they failed to make their monthly payments in a timely fashion. Plaintiffs could have asserted their contractural right to foreclose 45 days after the September, 1983, payment remained unpaid. By delaying the assertion of their contractual right, plaintiffs were not required to accept the tendered payments and they were not estopped from initiating foreclosure proceedings.

Defendants' argument ignores the uncontroverted fact that they did not make the five payments in accordance with the terms of the contract. Paragraph 3(g) does not require plaintiffs to immediately exercise their option to foreclose once 45 days has elapsed. That option remained available. By refusing the tender and by filing the complaint for foreclosure, plaintiffs clearly expressed their desire to foreclose. No other form or type of notice is required. *Dumas, supra.*

The trial court erroneously granted accelerated judgement to defendants by misconstruing the forfeiture and foreclosure provisions of the land contract. Under the acceleration clause, plaintiffs were not required to provide defendants with no-

tice or to allow them a period of time in which to bring their payments current. Plaintiffs were under no obligation to accept the tender by defendants and they are therefore not barred from maintaining this foreclosure action. We reverse and remand to the trial court for further proceedings on plaintiffs' complaint.

Reversed and remanded.