SINDLINGER v PAUL

Docket No. 77266. Argued November 12, 1986 (Calendar No. 11).
    Decided May 1, 1987.
    Douglas V. Sindlinger and Arlene F. Sindlinger, land contractor
    vendors, brought an action in the Washtenaw Circuit Court
    against Robert E. Paul and Karen B. Paul, land contract
    vendees, seeking to foreclose the contract. Prior to commence-
    ment of the action, the Pauls had tendered all delinquent
    installments. The court, Ross W. Campbell, J., granted acceler-
    ated judgment for the defendants. The Court of Appeals, T. M.
    BURNS, P.J., and ALLEN and TALBOT, JJ., reversed (Docket No.
    78351). The defendants appeal.

    In an opinion by Justice LEVIN, joined by Chief Justice RILEY
    and Justices BRICKLEY, CAVANAGH, BOYLE, and ARCHER, the
    Supreme Court *held:*

    A valid tender of delinquent installments under a land
    contract by a land contract vendee to the land contract vendor
    prevents the vendor from subsequently exercising a right under
    the contract to accelerate the payment of the contract balance
    by commencing an action for foreclosure in a circuit court.

    While in this case the vendors were not required to provide
    the vendees with notice or to allow them a period of time in
    which to bring their payments current before exercising their
    option to accelerate, there is no particular form or type of
    notice prescribed for exercising the right to accelerate, and
    commencement of an action for foreclosure evidences a ven-
    dor's desire to exercise, and constitutes an exercise of, the
    right, the majority rule is that a tender of arrearage on a
    mortgage containing an acceleration clause, prior to an exercise
    of the option to accelerate, will prevent the exercise of the
    option. The same principle applies to a land contract vendor
    seeking to foreclose a land contract by commencing an action

REFERENCES
Am Jur 2d, Vendor and Purchaser §§ 421 *et seq.*
Sufficiency of tender of payment to effect defaulting vendee's re-
    demption of rights in land purchased. 37 ALR4th 286.

in a circuit court subsequent to a tender of delinquent payments by the land contract vendee.

Reversed and remanded.

Justice GRIFFIN took no part in the decision of this case.

145 Mich App 28; 377 NW2d 331 (1985) reversed.

VENDOR AND PURCHASER — LAND CONTRACTS — FORECLOSURE — TENDER OF PAYMENT — ACCELERATION.

A valid tender of delinquent installments under a land contract by a land contract vendee to the land contract vendor prevents the vendor from subsequently exercising a right under the contract to accelerate the payment of the contract balance by commencing an action for foreclosure in a circuit court.

*Kitchen & Mollison* (by *William R. Mollison*) for the plaintiffs.

*Hendley & Datsko, P.C.* (by *James R. Datsko*), for the defendants.

LEVIN, J. The question presented is whether Douglas and Arlene Sindlinger, land contract vendors, could accelerate the principal balance owed by Robert and Karen Paul, land contract vendees, after the Pauls had tendered payment of delinquent installments before the Sindlingers had exercised their option under the land contract to declare the entire unpaid balance due and payable.

The land contract provided that the entire balance could be accelerated, at the option of the vendors, if the default continued for forty-five days or more. The Court of Appeals held that once forty-five days has elapsed, the vendors might at any time thereafter exercise the option. The Court of Appeals said that the land contract "does not require [the vendors] to immediately exercise their option to foreclose once forty-five days has elapsed. That option remained available. By refusing the tender and by filing the complaint for foreclosure,

[the vendors] clearly expressed their desire to fore-close. No other form or type of notice is required."[1]

We agree with the Court of Appeals that the vendors were not required to provide the vendees "with notice or to allow them a period of time in which to bring their payments current"[2] before exercising the option to accelerate, that no particular form or type of notice is prescribed for exercising the right to accelerate, and that commencement of an action for foreclosure would evidence the vendors' desire to exercise, and constitute an exercise of, the right and option to accelerate. We disagree, however, with the Court's conclusion that the Sindlingers could exercise that option after a valid tender of the delinquent installments.

The land contract provided:

> If default is made by the Purchaser and such default continues for a period of forty-five days or more, and the Seller desires to foreclose this contract in equity, then the Seller shall have at his option the right to declare the entire unpaid balance hereunder to be due and payable forthwith, notwithstanding anything herein contained to the contrary.

The land contract was entered into on February 15, 1979. The purchase price was $20,000. There was no down payment. The monthly payments were $150, including interest at the rate of eight percent per year. Five installments, $750, were delinquent on January 1, 1984.

A lawyer representing the Sindlingers advised a lawyer representing the Pauls that unless all delinquent installments were paid, the Sindlingers would commence an action for foreclosure. The

---

[1] *Sindlinger v Paul*, 145 Mich App 28, 34; 377 NW2d 331 (1985).

[2] *Id.*, pp 34-35.

Pauls' lawyer responded that the Pauls were seeking to find a buyer for their interest. They did so, and closed with the buyer on January 17, 1984, assigning their interest in the land contract to the buyer and tendering $750 to the Sindlingers. The tender was refused, and this action to foreclose was commenced on January 26, 1984. The circuit judge granted the Pauls' motion for accelerated judgment, and the Court of Appeals reversed. We reverse the Court of Appeals and reinstate the accelerated judgment dismissing the complaint.

There are no decisions of this Court determinative of the question presented. However, "the generally prevailing rule is that a tender of arrears due on a mortgage containing an acceleration clause, made before the holder of the mortgage has exercised his option to declare the entire amount of the debt due, prevents the exercise of such option."[3]

To be sure this action concerns the foreclosure of a land contract rather than a mortgage. Nonetheless, the same principle applies where a vendor seeks to foreclose a land contract by commencing an action in circuit court in lieu of commencing summary proceedings in the district court to forfeit the vendee's interest.[4]

While there is authority to the contrary, the majority rule that an option to accelerate must be exercised before a tender of the amount in arrears is well supported in the decisions. One court reasoned that until the mortgagee's "option has been exercised the principal of the note is not due.

[3] 55 Am Jur 2d, Mortgages, § 389, p 433. Similarly, see 59 CJS, Mortgages, § 495(6b), p 797; Osborne, Mortgages (2d ed), p 682.

[4] See MCL 600.3101; MSA 27A.3101; MCR 3.410. See committee comment to RJA 3101; 10A Callaghan's Michigan Pleading & Practice (2d ed), § 74.01, pp 54-55.

See also MCL 600.5726; MSA 27A.5726; MCR 4.202. 11A Callaghan's Michigan Pleading & Practice (2d ed), § 88.41, p 261.

Until then the holder has a mere option to declare it due. During this interval he has, by his failure to act, in effect declared that he will not regard the delay already past as sufficient ground for asserting the right given him. The delay to that extent is waived by him. If, then, before the exercise of the option, the debtor pays the accrued interest, the condition upon which the holder may declare the whole note not due does not exist."[5]

Another court reasoned that the purpose of the acceleration clause is to protect the creditor if "the financial circumstances of the debtor or the nature of the security" have become such "as to render it necessary and important for the protection of the creditor that he be authorized immediately to prosecute his action for the collection of the debt. This protection," said the court, "is afforded him as fully and amply by requiring him to exercise the option of declaring the debt due as by providing that the debt shall automatically become due on the failure to make the payment."[6]

To the extent *Cooper v Jefferson Investment Co,* 70 Mich App 597, 598; 246 NW2d 311 (1976), rev'd on other grounds 402 Mich 294; 262 NW2d 650 (1978), is inconsistent with the view here expressed, it is disapproved. *Dumas v Helm,* 15 Mich App 148; 166 NW2d 306 (1968), also relied on by the Court of Appeals, is inapposite because there

---

[5] *Trinity Co Bank v Haas,* 151 Cal 553, 556-557; 91 P 385 (1907) (only interest was in default).

[6] *Clark v Paddock,* 24 Idaho 142, 150; 132 P 795 (1913).

Similarly, see *Gunby v Ingram,* 57 Wash 97; 106 P 495 (1910); *Lee v Security Bank & Trust,* 124 Tenn 582; 139 SW 690 (1911); *Mueller v Ober,* 172 Minn 349; 215 NW 781 (1927); *Lee v O'Quinn,* 184 Ga 44; 190 SE 564 (1937); *West 44th St, Inc v Riverland Holding Corp,* 267 AD 135; 44 NYS2d 766 (1943); *Fraser v Kay,* 251 SW2d 754 (Tex Civ App, 1952); *River Holding Co v Nickel,* 62 So 2d 702 (Fla, 1952); *Florance v Friedlander,* 209 Va 520; 165 SE2d 388 (1969); *Clark v Equitable Life Assurance,* 281 A2d 488 (Del, 1971).

Cf. *Hill v Carter,* 101 Mich 158; 59 NW 413 (1894).

the amount in arrears was tendered after the vendors had commenced an action for foreclosure and had thereby exercised their right to accelerate the entire unpaid balance.

Reversed and remanded to the circuit court for reinstatement of the accelerated judgment dismissing the complaint.

RILEY, C.J., and BRICKLEY, CAVANAGH, BOYLE, and ARCHER, JJ., concurred with LEVIN, J.

GRIFFIN, J., took no part in the decision of this case.