KENT v PIPIA

Docket No. 116871. Submitted May 17, 1990, at Detroit. Decided October 1, 1990.

George W. and Sylvia A. Kent conveyed property to Ann Pipia under a land contract which provided the Kents with a right of acceleration in an equitable action only after Pipia shall have been in default for a period of forty-five days or more. On June 8, 1988, the Kents served Pipia with notice of their intent to foreclose on the land contract on the basis of Pipia's failure to pay an installment due under the contract on May 20, 1988, and property taxes due on February 14, 1988. The Kents filed a complaint for foreclosure on August 31, 1988, in the Oakland Circuit Court. However, as of July 25, 1988, Pipia was able to pay all arrearages in property taxes and land contract payments due through July 20, 1988. The trial court, Jessica R. Cooper, J., granted a foreclosure judgment on the Kents' motion for summary disposition. Pipia appealed.

The Court of Appeals *held:*

1. A tender of arrears due on a mortgage containing an acceleration clause, made before the holder of the mortgage has exercised his option to declare the entire amount due, prevents the exercise of such an option. The same principle applies where a seller seeks to foreclose on a land contract by commencing an action in circuit court.

2. MCL 600.3110; MSA 27A.3110 provides that a complaint for foreclosure of a mortgage or land contract shall be dismissed upon the defendant's bringing into court before the judgment of sale the principal and interest due under the mortgage or land contract.

Reversed.

SHEPHERD, J., concurred separately to note that in view of the forty-five day provision in the land contract, the Kents cannot properly claim that Pipia's persistent tardiness in mak-

REFERENCES

Am Jur 2d, Mortgages §§ 380, 382, 384, 385; Vendor and Purchaser §§ 422, 423, 425, 583, 584.

See the Index to Annotations under Foreclosure; Mortgages; Sale and Transfer of Property.

ing payments should itself be grounds for foreclosure by virtue of another provision in the contract stating that time was of the essence to the contract.

1. VENDOR AND PURCHASER — LAND CONTRACTS — FORECLOSURE —
   TENDER OF PAYMENT — ACCELERATION OF CONTRACT.

   A valid tender of delinquent installments under a land contract by a land contract vendee to the land contract vendor prevents the vendor from subsequently exercising a right under the contract to accelerate the payment of the contract balance by commencing an action for foreclosure in a circuit court.

2. MORTGAGES — LAND CONTRACTS — FORECLOSURE.

   A complaint for foreclosure of a mortgage or land contract shall be dismissed upon the defendant's bringing into court before the judgment of sale the principal and interest due under the mortgage or land contract (MCL 600.3110; MSA 27A.3110).

*James Renfrew,* for plaintiffs.

*Robert W. Thomas,* for defendant.

Before: MICHAEL J. KELLY, P.J., and HOLBROOK, JR., and SHEPHERD, JJ.

HOLBROOK, JR., J. This is a foreclosure action arising out of defendant's breach of a May 20, 1986, land contract to purchase plaintiffs' property located at 125 South Washington in Oxford, Michigan. Defendant appeals as of right an Oakland Circuit Court order dated March 29, 1989, granting plaintiffs' motion for summary disposition, pursuant to MCR 2.116(C)(10). On appeal, defendant claims foreclosure was improper since at the time plaintiffs' complaint was filed defendant was not in default within the land contract's acceleration period. We agree.

On May 20, 1986, plaintiffs conveyed property by land contract to defendant. The relevant portions of the land contract provide:

(g) That should Purchaser fail to perform this

contract or any part thereof, Seller immediately after such default shall have the right to declare this contract forfeited and void, and retain whatever may have been paid hereon, and all improvements that may have been made upon the land, together with additions and accretions thereto, and consider and treat Purchaser as his tenant holding over without permission and may take immediate possession of the land, and Purchaser and each and every other occupant remove and put out. If service of a notice of forfeiture is relied upon by Seller to terminate rights hereunder, a notice of intention to forfeit this contract shall have been served at least fifteen (15) days prior thereto.

(h) That if proceedings are taken to enforce this contract by equitable action, after Purchaser shall have been in default for a period of forty-five (45) days or more, the entire amount owing hereon shall be due and payable forthwith, anything herein contained to the contrary notwithstanding.

(i) That time shall be deemed to be of the essence of this contract.

As provided in the land contract, defendant made monthly payments of $700 for the length of the contract, due on the twentieth day of every month. On the anniversary of the contract, defendant was required to make an additional balloon payment of $1,500 in addition to the monthly payment of $700, an amount totaling $2,200. Defendant also agreed to pay all property taxes and special assessments.

For the most part, defendant made her monthly payments but not always on time. According to plaintiffs' figures, defendant was late on fourteen of the twenty-seven payments which were received prior to the commencement of the litigation. As of March of 1988, defendant's payments were current. In the spring of 1988, plaintiffs contacted the Oakland County Treasurer and learned that defen-

dant had yet to pay the 1987 property taxes, which were due February 14, 1988. Plaintiffs further learned that defendant had also been late on the 1986 property taxes. However, plaintiffs took no action and chose not to accelerate the contract. On April 27, 1988, defendant made her April payment. However, defendant failed to make her May payment, including the balloon payment when it came due. On June 8, 1988, plaintiffs served defendant with notice of intention to forfeit the land contract, stating that she failed to pay the property taxes and failed to make the May 20, 1988, payment. On June 13, 1988, defendant sent plaintiffs two checks totaling $2,200 to cover the May payment. On June 14, 1988, defendant paid the delinquent property taxes. On July 1, 1988, defendant made the June payment. On July 25, 1988, defendant made the July payment.

On August 31, 1988, plaintiffs brought suit in Oakland Circuit Court, seeking to foreclose on the land contract. Plaintiffs alleged that defendant failed to make monthly payments as agreed and, together with the annual property tax payments, failed to make any payments since June of 1988. On September 12, 1988, defendant sent a check for $1,400 to cover the August and September payments. However, plaintiffs refused to accept the payment.

On November 23, 1988, defendant moved for summary disposition, claiming that at the time plaintiffs filed their complaint no default was outstanding. On December 21, 1988, the court heard oral arguments on defendant's motion. On January 5, 1989, the court entered an order denying defendant's motion for summary disposition.

On January 23, 1989, plaintiffs moved for summary disposition, pursuant to MCR 2.116(C)(10). On March 1, 1989, the court heard oral arguments

concerning plaintiffs' motion and thereafter granted the motion. A judgment of foreclosure was thereafter entered. Defendant appeals as of right.

MCL 600.3110; MSA 27A.3110 provides:

> Whenever a complaint is filed for the satisfaction or foreclosure of any mortgage on real estate or land contract, upon which there is due any interest or any portion or installment of the principal and there are other portions or installments to become due subsequently, the complaint shall be dismissed upon the defendant's bringing into court, at any time before the judgment of sale, the principal and interest due, with costs.

The general rule is that a tender of arrears due on a mortgage containing an acceleration clause, made before the holder of the mortgage has exercised his option to declare the entire amount due, prevents the exercise of such an option. *Sindlinger v Paul,* 428 Mich 161, 164; 404 NW2d 212 (1987), citing 55 Am Jur 2d, Mortgages, § 389, p 433. The same principle applies where a seller seeks to foreclose on a land contract by commencing an action in circuit court. *Sindlinger, supra,* p 164, citing MCL 600.3101; MSA 27A.3101; MCR 3.410.

In *Sindlinger,* the Supreme Court, reversing this Court's decision in *Sindlinger v Paul,* 145 Mich App 28; 377 NW2d 331 (1985), found this Court's reliance upon *Cooper v Jefferson Investment Co,* 70 Mich App 597, 598; 246 NW2d 311 (1976), rev'd on other grounds 402 Mich 294; 262 NW2d 650 (1978), was misplaced. 428 Mich 165. The Court rejected the *Cooper* rule, which provides that payment of arrears prior to notice of intent to foreclose was no defense. *Id.* The Court further rejected this Court's reliance upon *Dumas v Helm,* 15 Mich App 148; 166 NW2d 306 (1968), and found that it was inapposite because the amount of

arrears was tendered after the foreclosure action had begun. 428 Mich 166.

In the case at bar, the trial court erred when it granted the judgment of foreclosure. MCL 600.3110; MSA 27A.3110 provides that a complaint seeking foreclosure must be dismissed upon defendant's bringing into court the principal and interest due. Moreover, it appears that in *Sindlinger* the Supreme Court intended to apply its ruling literally. While defendant was in default at the time she received notice of plaintiffs' intention to foreclose, the default was cured by June 14, 1988. Although defendant continued to make late payments, she was not in default within the meaning of the land contract. Since defendant was not in default at the time plaintiffs' complaint was filed, the trial court erred in granting foreclosure.

Reversed.

MICHAEL J. KELLY, P.J., concurred.

SHEPHERD, J. *(concurring)*. I agree with the opinion but there is one aspect of plaintiffs' argument upon which I wish to expand. Plaintiffs argue that, since under paragraph 3(i) of the contract time shall be deemed of the essence to this contract, the persistent tardiness of defendant in making payments should itself be grounds for foreclosure. Otherwise, argue the plaintiffs, the defendant could continuously "string plaintiffs along." (This was the language used by counsel for plaintiffs at oral argument.) Although time is of the essence, all of the times mentioned in the contract are applicable and each party to the contract has the right to take advantage of whatever time delays are allowed by the agreement. Paragraph 3(h) of the contract clearly states that there is a right to acceleration in an equitable action only after pur-

chaser shall have been in default for a period of forty-five days or more. In effect, this provision allows defendant to "string along" payments and if plaintiffs wished to shorten the "string along" period they could have negotiated a shorter period in the contract.