# STATE OF MICHIGAN

# COURT OF APPEALS

JP MORGAN CHASE BANK, N.A.,

        Plaintiff-Appellee,

v

JOSEPH H. MAMMO and SAMIRA MAMMO,

        Defendants-Appellants.

UNPUBLISHED
October 23, 2014

No. 315967
Oakland Circuit Court
LC No. 2011-121186-CH

Before: FITZGERALD, P.J., and WILDER and OWENS, JJ.

PER CURIAM.

Defendants appeal as of right the order granting summary disposition to plaintiff, JP Morgan Chase Bank, N.A. ("Chase"), denying defendants' motion for partial summary disposition, and entering a judgment of foreclosure in Chase's favor in this judicial foreclosure action. We affirm.

On February 23, 2005, defendants obtained a loan in the amount of $300,000 from Washington Mutual Bank ("WaMu"). The loan was secured by a mortgage on real property located in West Bloomfield, Michigan. This first mortgage document was lost and therefore never recorded with the register of deeds. Defendants obtained a second mortgage loan in the amount of $95,200 on April 25, 2007. This mortgage was recorded on May 17, 2007. On September 25, 2008, WaMu was closed by the Office of Thrift Supervision and the FDIC was named receiver. Pursuant to a September 25, 2008 Purchase and Assumption Agreement, Chase acquired all loans and loan commitments of WaMu.

Defendants allege that they sought to refinance their mortgages with Chase in the summer of 2010, but Chase apparently declined to renegotiate the terms of the mortgages. On September 15, 2010, Chase filed a claim of interest with the register of deeds in which it claimed a mortgage interest in defendants' property. A copy of the original mortgage was attached to the claim of interest. It is undisputed that at some point in time defendants stopped making their mortgage payments.

On August 19, 2011, Chase filed the present action seeking to confirm the validity of the first mortgage lien encumbering the property. A first amended complaint added an additional count for judicial foreclosure of the property. Chase alleged that defendants were in default on their obligations to Chase under the terms of the first mortgage loan and, therefore, it sought *judicial* foreclosure. In an answer and countercomplaint, defendants alleged that because Chase

-1-

could not produce the original mortgage and note to establish ownership of the indebtedness, it had no authority to foreclose *by advertisement*[1] on the property. Defendants admitted that they "did not make all payments on their loans."

In February 2013, both Chase and defendants filed motions for summary disposition. Chase asserted that defendants admitted entering into the mortgage and that Chase was entitled to an order confirming the first mortgage as a valid first-position lien on the property. Alternatively, Chase argued that it was entitled to an equitable mortgage against the property. Finally, Chase asserted that it was entitled to judicially foreclose on the property in light of defendants' admission that they were in default on their mortgages.

In their response and in their own motion for partial summary disposition, defendants argued that the first mortgage on the property was simply an "unsecured lien." Defendants argued that because there was no recorded original mortgage with original signatures, Chase could not establish, perfect, and convey an interest in the real property. Therefore, defendants asserted that Chase was not entitled to an order confirming the first mortgage lien on the property. Defendants further argued that count I of Chase's complaint to quiet title should be dismissed because, pursuant to MCL 600.2932, Chase was precluded from bringing such an action until the "title to the mortgaged premises has become absolute." Finally, defendants argued that under the circumstances Chase was not entitled to a judgment of foreclosure. Following a hearing, the trial court granted Chase's motion for summary disposition, denied defendants' motion for partial summary disposition, and entered a judgment of foreclosure in Chase's favor.

Actions to determine an interest in land, or quiet title, are reviewed de novo. *Burkhardt v Bailey*, 260 Mich App 636, 646; 680 NW2d 453 (2004). Similarly, this Court reviews de novo a trial court's decision on a motion for summary disposition. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). The parties moved for summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10). The trial court did not specify the subrule under which it granted summary disposition, but it considered the parties' documentary evidence in ruling on the motions. If a party moves for summary disposition under multiple subrules and the trial court rules on the motion without specifying the subrule under which it decides an issue and considers documentary evidence beyond the pleadings, this Court construes the motion as having been granted pursuant to MCR 2.116(C)(10). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). A motion for summary disposition under this court rule requires the reviewing court to consider "the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Douglas v Allstate Ins Co*, 492 Mich 241, 256; 821 NW2d 472 (2012). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

---

[1] MCL 600.3204.

Defendants contend that MCL 600.2932(2) precluded Chase from pursuing an action to quiet title. Defendants then argue that the trial court erred when it found that Chase had a valid mortgage interest in the property. In this regard, defendants argue that Chase's mortgage interest was not perfected because the mortgage was never recorded. We find no merit to defendants' claim of errors.

MCL 600.2932 governs actions to determine interests in land. The statute provides, in pertinent part:

> (1) **Interest of plaintiff**. Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

> (2) **Mortgagees, eligibility.** No action may be maintained under subsection (1) by a mortgagee, his assigns, or representative *for recovery of the mortgaged premises*, until the title to the mortgaged premises has become absolute, or by a person for the recovery of possession of premises, which were sold on land contracted, to whom relief is available under subdivision (1) of section 5634. [Italicized emphasis added; Bold in original.]

Defendants argue that § 2932(2) precluded Chase from bringing an action to quiet title under § 2932(1). However, given the plain language of MCL 600.2932, Chase was permitted to bring an action to determine its interests in the property.

"The first step when interpreting a statute is to examine its plain language, which provides the most reliable evidence of intent." *Ter Beek v City of Wyoming*, 495 Mich 1, 8; 846 NW2d 531 (2014). Section 2932(2) provides that no action may be maintained under § 2932(1) by a mortgagee "*for recovery of the mortgaged premises until the title to the mortgaged premises has become absolute . . . .*" MCL 600.2932(2) (emphasis added). While § 2932(2) may preclude obtaining a judgment of possession, it does not preclude a party from litigating the validity of a mortgage interest in that property. Because count I of Chase's complaint simply sought an order validating Chase's mortgage interest in the property, not possession of the property, MCL 600.2932(2) did not prohibit Chase from litigating the validity of its interest in the property.

Further, the trial court did not err when it concluded that Chase had a valid mortgage interest in the property. Defendants contend that because the first mortgage was never recorded, and the claim of interest was insufficient to constitute a "recording" of the mortgage, Chase's mortgage interest was never perfected. Even if true, however, this would not preclude Chase from having a mortgage interest in the property.

The failure to record the first mortgage does not invalidate Chase's lien on the property. It has long been held that the purpose of recording statutes is to provide *notice to third parties* of what is being recorded. *Mich Fire & Marine Ins Co v Hamilton*, 284 Mich 417, 419; 279 NW 884 (1938). Moreover, "[t]he rule is well-nigh universal in the United States that, as between the

-3-

parties thereto, the mortgage is just as effectual for all purposes without recording as it is with it." *Id.*, citing *Bacon v Northwestern Mut Life Ins Co*, 131 US 258, 263; 9 S Ct 787; 33 L Ed 128 (1889). Therefore, because defendants acknowledged that they borrowed money from WaMu, gave a first mortgage on the property to WaMu, and that Chase purchased WaMu's interest in the debt, the mortgage lien on the property is valid and binding between the parties thereto despite the lack of recording. *Id*.

Defendants' reliance on two bankruptcy cases, *In re Neal*, 406 BR 288 (Bankr ED Mich, 2009), and *In re Lebbos*, 455 BR 607 (Bankr ED Mich, 2011), is misplaced. In both cases, the issue concerned whether a lender's mortgage interest was inferior or superior to the bankruptcy trustee's rights under the bankruptcy code. In *Neal*, as in this case, the original mortgage was never recorded and the lender filed an affidavit of lost mortgage. The court found that the affidavit of lost mortgage was insufficient to "perfect" the mortgage interest, stating:

> The Court concludes that the recording statutes apply to any instrument that conveys an interest in property and that the affidavit did not itself convey an interest in property. Therefore, it cannot be recorded to establish the conveyance or to perfect the conveyance. The Court, therefore, disagrees with the holding in *Camacho*. Because the mortgage itself was not recorded, it was not perfected. Although a copy of the mortgage was attached to the affidavit, it did not contain an original signature and therefore did not meet the requirements for recording a real estate conveyance. [*In re Neal*, 406 BR at 292.]

Although the court in *Neal* employed the phrase "perfect the conveyance," it is clear that it did so in the context of determining notice and which parties' interest was paramount. This is evident by the court's acknowledgement that "[u]nder MCLA 565.29, the holder of a real estate interest who first records generally has priority over subsequent purchasers. *Richards v Tibaldi*, 272 Mich App 522; 726 NW2d 770, 780 (2006)." The court in *Lebbos* similarly recognized this distinction when it noted that "under Michigan law, '[i]f a recorded document is not in compliance with law or was not entitled to be recorded, the record is a nullity and is 'entirely inoperative' *to provide notice*." *Lebbos*, 455 BR at 619 (emphasis added), citing *In re Brandt*, 434 BR 493, 501 (Bankr WD Mich, 2010). Thus, in *Neal* and *Lebbos*, whether the mortgage interest was properly recorded was relevant for purposes of notice and critical to determining which parties' interest was paramount. It is this salient point that distinguishes *Neal* and *Lebbos* from the instant matter.

Finally, the trial court did not err when it granted a judgment of foreclosure in Chase's favor. Judicial foreclosures are governed by MCL 600.3101 *et seq*. MCL 600.3101 vests in the circuit court the jurisdiction to foreclose mortgages of real estate and land contracts. After a complaint is filed and subject to certain time parameters, MCL 600.3115 permits a court to order a sale of the premises that are the subject of the mortgage to discharge the amount due on the mortgage. In order to foreclose, the mortgagor must be in default. See, e.g., *Kent v Pipia*, 185 Mich App 599, 604; 462 NW2d 800 (1990).

In this case, the evidence unequivocally established that the copy of the mortgage attached to the claim of interest was, in fact, the mortgage executed by defendants. Any suggestion to the contrary by defendants is disingenuous. Defendants tacitly admitted in their

response to Chase's motion for summary disposition that the copy of the mortgage attached to the claim of interest was the one they signed. Moreover, defendants did not submit any affidavit or other documentary evidence in support of their claim that the mortgage they executed was not the same one submitted with the claim of interest. "When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). "If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her." *Id.* Thus, defendants failed to satisfy their burden of demonstrating a genuine issue of material fact regarding whether the mortgage attached to the claim of interest was, in fact, the mortgage they executed.

Further, there is no question that Chase owned the indebtedness. Defendants assert that there was no evidence showing how Chase obtained this particular mortgage. This again, is simply untrue. Chase submitted an affidavit signed by Robert C. Schoppe, an authorized representative of the FDIC. Schoppe attested to the fact that after WaMu was closed by the Office of Thrift Supervision, the FDIC was named receiver. Thereafter, pursuant to a Purchase and Assumption Agreement, Chase acquired the loans and all loan commitments of WaMu. See also *Kim v JP Morgan Chase Bank, NA*, 493 Mich 98; 825 NW2d 329 (2012).

It is also undisputed that defendants were in default. They admitted in their answer to the complaint that they had not made all of their mortgage payments. Defendants similarly admitted in their response to Chase's motion for summary disposition that the money was owed to Chase.

Finally, defendants argue that the trial court did not comply with the requirements of MCL 600.3204. Defendants note that the court did not schedule a foreclosure sale, provide the amount of the deficiency, or provide for the confirmation of the sale. Defendants then cite MCL 600.3204 and state that "Michigan's Foreclosure by Advertisement Statute lays out the basic elements to be determined in a foreclosure." However, MCL 600.3204 governs foreclosures by advertisement. *Senters v Ottawa Savings Bank, FSB*, 443 Mich 45, 50; 503 NW2d 639 (1993). In this case, Chase sought a judicial foreclosure. Therefore, the provisions of MCL 600.3204 were inapplicable. Instead, the trial court's judgment of foreclosure mirrored the requirements relevant to judicial foreclosure, i.e., MCL 600.3101 *et seq.* The order specifically addresses, among other things, the amount owed, the sale of the property, the discharge of the debt, confirmation of sale, and the applicable redemption period.

Affirmed.

/s/ E. Thomas Fitzgerald
/s/ Kurtis T. Wilder
/s/ Donald S. Owens

-5-