# STATE OF MICHIGAN

# COURT OF APPEALS

US BANK TRUST, NA,

          Plaintiff-Appellee,

v

RICHARD W. BRYDEN and DONNA J.
BRYDEN,

          Defendants-Appellants.

UNPUBLISHED
February 11, 2016

No. 324153
Wayne Circuit Court
LC No. 13-012485-CH

Before: CAVANAGH, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Defendants appeal as of right a judgment of foreclosure, which was entered pursuant to the trial court's grant of summary disposition in favor of US Bank Trust, NA (US Bank). For the reasons below, we affirm.

## I. BACKGROUND FACTS

On September 23, 2004, defendants obtained a mortgage loan in the amount of $641,250 from Washington Mutual Bank, FA, to purchase real property located at 17914 Wildflower Drive in Northville, Michigan. Several years later, Washington Mutual assigned the mortgage to JPMorgan Chase Bank, NA (Chase Bank). Defendants then fell behind on their monthly mortgage payments, and in May 2012, defendants entered a loan modification agreement with Chase Bank, in which they agreed to repay an outstanding principal balance of $708,777.29, with the first payment being due on June 1, 2012. After executing the modification agreement, defendants failed to make any payments on the loan.

Following the nonpayment, defendants were notified that their loan had been referred for foreclosure, but that they had 30 days to dispute the amount due or to cure the default. When the default was not cured, Chase Bank filed a complaint for judicial foreclosure on the mortgaged property, alleging that defendants had failed to make payments on the loan, leaving an outstanding balance of $708,777.29. Defendants filed an answer, but did not expressly deny that they were in default on the loan or raise any affirmative defenses. In a response to a request for admissions, defendants claimed that the principal balance of the loan stated in the modification agreement was inaccurately high, and alleged that Chase Bank participated in wrongful conduct related to its servicing of Washington Mutual mortgages.

-1-

In 2014, Chase Bank assigned the mortgage to US Bank. Shortly thereafter, US Bank filed a motion for summary disposition pursuant to MCR 2.116(C)(9) (failure to state a valid defense) and (C)(10) (no genuine issue of material fact). In response, defendants argued that the modification agreement listed an inaccurate principal balance. Accompanying their response, defendants provided tax returns showing the interest payments they made leading up to the modification agreement, which they claimed established that the balance listed was inaccurate. Defendants also provided a copy of a settlement agreement between the United States Department of Justice and Chase Bank regarding an investigation of Chase Bank's conduct involving the servicing of mortgage loans purchased from Washington Mutual. Thereafter, the trial court granted US Bank's motion for summary disposition and entered a judgment of foreclosure. Defendants now argue that the trial court improperly granted US Bank's motion because they established a genuine issue of material fact regarding the loan amount due.

## II. STANDARD OF REVIEW

We review a lower court's decision on a motion for summary disposition de novo. *Payne v Farm Bureau Ins*, 263 Mich App 521, 525; 688 NW2d 327 (2004). Plaintiff brought its motion pursuant to both MCR 2.116(C)(9) and (C)(10), but the trial court did not specify which section it relied on as the basis of its decision. However, because it appears that the trial court relied on documentary evidence outside of the pleadings to support its decision on summary disposition, we construe the motion as having been granted under MCR 2.116(C)(10). *Wayne Co v Plymouth Charter Twp*, 240 Mich App 479, 480 n 2; 612 NW2d 440 (2000).

"Summary disposition is proper under MCR 2.116(C)(10) if the affidavits and other documentary evidence show that there is no genuine issue concerning any material fact and that the moving party is entitled to judgment as a matter of law." *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 712; 737 NW2d 179 (2007). In determining whether a genuine issue of material fact exists, courts consider all of the documentary evidence in a light most favorable to the nonmoving party. *DeBrow v Century 21 Great Lakes, Inc (After Remand)*, 463 Mich 534, 538-539; 620 NW2d 836 (2001). The moving party bears the initial burden of supporting its position with affidavits, depositions, admissions, or other admissible documentary evidence. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). Once this initial burden has been met, the burden shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Id*. "[T]he nonmoving party may not rely on mere allegations or denials in [the] pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Id*.

## III. DISCUSSION

To establish a right to judicial foreclosure, a mortgagee must show that it met the statutory requirements for foreclosure, including that a debt was secured by a mortgage and that a mortgagor was in default. See *Kent v Pipia*, 185 Mich App 599, 604; 462 NW2d 800 (1990); MCL 600.3105. A mortgagee may foreclose on a mortgage because the mortgagee owns an interest in the indebtedness. *Residential Funding Co, LLC v Saurman*, 490 Mich 909, 910; 805 NW2d 183 (2011). MCL 600.3101 vests the circuit court with jurisdiction to foreclose mortgages of real estate and land contracts.

As the moving party, US Bank met its initial burden of proof demonstrating entitlement to judicial foreclosure by presenting evidence that defendants were in default on a mortgage held by US Bank. Accompanying its motion for summary disposition, US Bank presented a copy of (1) the mortgage, evidencing defendants as mortgagors, (2) the mortgage assignments and modification agreement, evidencing US Bank as the mortgagee, and (3) the notice of indebtedness sent to defendants and defendants' answers to plaintiff's first interrogatories, evidencing that defendants defaulted on the loan. Accordingly, the burden shifted to defendants to establish the existence of a genuine issue of material fact for trial.

Defendants did not meet their evidentiary burden. Defendants admitted that they executed the mortgage, that US Bank held the mortgage, and that they were in default. Defendants asserted that the principal balance listed on the modification agreement was inaccurately high, but this fact, even if true, did not affect whether they were in default on the loan and whether US Bank was entitled to foreclose on the property subject to the mortgage. Further, although defendants provided documentary evidence in the form of tax returns, this evidence did not establish that the loan balance listed on the modification agreement was inaccurate. Because defendants failed to present any evidence demonstrating an issue of material fact regarding the ownership of the mortgage, whether they were in default on the loan, or any other issue relevant to US Bank's right to foreclose on the property, the trial court properly granted summary disposition in favor of US Bank.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Michael J. Riordan
/s/ Michael F. Gadola

-3-