AARON S. DRAKE v. WILLIAM S. McLEAN.

*Recording laws—Notice by record of certificate of execution sale—Injunction against waste—" Conveyances."*

The policy of the registry laws is a legislative and not a judicial question.

Comp. Laws, § 4231, in giving preference to that one of several conflicting conveyances which is first recorded is doubtless designed to make it politic for all land purchasers to record their deeds without delay.

Act 5 of 1875 gave the record of a sheriff's certificate of execution sale the same force as the record of a deed in establishing priority of title. *Held,* that a grantee by deed can maintain a suit for waste as

against a subsequent purchaser who bought the land on an execution sale against the grantor before the act took effect, even though the grantee did not record his deed before the execution sale.

A properly recorded certificate of. an execution sale of lands is entitled to the same record privileges as other conveyances of land, and is within the meaning of the term " conveyance " in the recording laws.

Appeal from Midland. Submitted October 13. Decided October 19.

INJUNCTION against waste. Bill dismissed. Reversed; decree granted.

*Hanchett & Stark* for complainant. Filing a certificate of execution sale is not recording it within the scope of the recording laws: *Columbia Bank v. Jacobs* 10 Mich. 349 ; *Millar v. Babcock* 25 Mich. 138 ; injunction lies to restrain the permanent injury due to the removal of timber : *Ryan v. Brown* 18 Mich. 196.

*Edget & Brooks* for defendant.

CAMPBELL, J. The bill in this cause was filed to restrain trespass in the nature of waste by certain parties who claim that they have title under an execution sale, and to remove the cloud on complainant's title.

There is no serious controversy in the case beyond the priority of titles, for if complainant's title is the best, there can be no doubt of its invasion, and of the injury to the freehold done and threatened.

Complainant's title is held under deeds executed by the execution debtor and his grantees in and before 1873, but not recorded until after the sale on execution, which was in 1875, some time before the law went into operation which provided for the recording of certificates of sale. Since that law became operative, we have held that properly recorded certificates are entitled to the same record privileges with other conveyances of lands, as coming within the meaning of conveyances under the terms of the recording laws. *Atwood v. Bearss* 45 Mich. 469.

Under the registry laws, where there are two conflicting conveyances, which are otherwise valid, the one which is first recorded has been declared by statute to be entitled to preference. Comp. L. § 4231. No doubt reasons can be imagined why another rule might in many cases seem desirable, for the protection of purchasers. But it is for the Legislature and not for the courts to determine the policy of the registry laws, and other reasons have been deemed sufficient to justify the present rule. In the absence of any statute the first grantee would usually prevail, and our own law was undoubtedly designed to make it politic for all land purchasers to record their deeds without delay.

So long as sheriffs' certificates were not entitled to record, they could not come within the statutory priority belonging to the conveyance first recorded. The certificate in the case before us was not recorded either before or after the law of 1875 took effect. We are not therefore required to consider the question whether that statute applies to previous sales. Neither is it necessary to consider the question suggested that the levy was only on such interest as the judgment debtor held.

The facts shown were such as to entitle complainant to a reversal of the decree below and to a decree in accordance with the prayer of the bill, with costs of both courts.

The other Justices concurred.