AUSTIN *v.* ANDERSON.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONALITY OF ACT.

   Constitutionality of act is not passed upon where such question is not in issue on appeal involving construction of act's terms.

2. CONSTITUTIONAL LAW — STATUTES OF LIMITATION — RETROACTIVE EFFECT.

   The legislature has power to pass statutes of limitation and give them retroactive effect.

3. STATUTES—OPERATION—LEGISLATIVE INTENT.

   Statutes will be given prospective operation only, unless the legislative intent clearly appears, either by express terms or by necessary implication, to give them retrospective effect.

4. LIMITATION OF ACTIONS—STATUTES—CONSTRUCTION.

   Statutes of limitation are statutes of repose and should be construed to give operation intended and not be subjected to a strictness of construction never intended.

5. SAME—PURPOSE.

   A statute of limitations is enacted to take away the remedy of a party because he is unreasonably negligent in the assertion of his rights.

6. SAME—MORTGAGES—AFFIDAVIT OF RENEWAL—STATUTES.

   Provisions of statute requiring affidavit of renewal of mortgage to be filed with register of deeds within 30 years of due date, or date of recording if no due date is expressed, or the mortgage be considered as discharged of record *held*, to apply to mortgages already executed as well as mortgages executed subsequent to passage of the act where another provision of the act defers operation of the limiting provision for three months after the act itself became effective (3 Comp. Laws 1929, §§ 13357, 13358).

7. MORTGAGES—AFFIDAVIT OF RENEWAL—LIMITATION OF ACTIONS—STATUTES.

   Assignee of mortgagee *held*, not entitled to foreclose mortgages by advertisement where affidavits of renewal had not been filed in accordance with statute providing mortgage be considered as discharged of record where no affidavit of renewal has been filed within 30 years from due date of mortgage or recording thereof if no due date appears in the mortgage (3 Comp. Laws 1929, §§ 13357, 13358).

Appeal from Kalamazoo; Weimer (George V.), J. Submitted January 6, 1937. (Docket No. 23, Calendar No. 39,223.) Decided April 22, 1937.

Bill by Dorr D. Austin, as administrator of the estate of Frank B. Crane, deceased, against Ella C. Anderson to set aside and declare void a sheriff's deed and for other relief. Decree for plaintiff. Defendant appeals. Affirmed.

*Fred A. Mills,* for plaintiff.

*Edward J. Ryan,* for defendant.

Sharpe, J. The facts in this cause are not in dispute. In 1883 Crane and wife executed their note to Glover for $600, secured by a real estate mortgage; in 1885, they executed a note and mortgage for $200 to the same party and upon the same property; in 1898 Glover assigned the notes and mortgages to William Strong and at the same time Crane and wife executed a mortgage due February 5, 1901, to Strong in the sum of $800 as collateral security to the two above mentioned notes. The defendant, Ella C. Anderson, secured the above notes and mortgages by assignment; and in November, 1934, foreclosed the mortgages by advertisement.

Plaintiff administrator filed a bill in equity February 25, 1935, praying that the court declare the sheriff's deed void on the ground that neither of said three mortgages had been renewed by affidavit of the owner or one of the owners thereof, or by affidavit of the agent or attorney of the owner or owners thereof, showing the amounts remaining unpaid thereon, and that no extension agreement had been filed in the office of the register of deeds of the county of Kalamazoo, where said lands are situated, which are covered by said mortgages, within 30 years after the due dates set forth in each of the respective mortgages.

The trial court declared the sheriff's deeds void on the ground that no affidavits of renewal had been filed by the mortgagees in compliance with Act No. 216, Pub. Acts 1929. Defendant appeals and contends that the provisions of the above act do not apply to mortgages executed prior to May 20, 1929, the effective date of the above act.

Act No. 216, Pub. Acts 1929 (3 Comp. Laws 1929, §§ 13357, 13358), reads as follows:

"SEC. 2. Every mortgage not renewed by the affidavit of the owner or one of the owners thereof, or by the affidavit of the agent or attorney of the owner or owners, showing the amount remaining unpaid on said mortgage, or by extension agreement, filed in the office of the register of deeds of the county in which the lands are situated which are covered by said mortgage, within 30 years after the due date as set forth in said mortgage, or when no due date is set forth in said mortgage, then within 30 years after the recording of said mortgage, shall be considered as discharged of record.

"SEC. 3. The operation of section two of this act shall be deferred for three months after the taking effect of the act in general."

In construing the provisions of the above act in relation to the facts in the case at bar, we have in mind that the constitutionality of the above act is not in issue and we do not pass upon it.

In *Ludwig* v. *Stewart,* 32 Mich. 27, we said:

"The general power of the legislature to pass statutes of limitation and give them a retroactive effect cannot be doubted."

But, as was said in *Davis* v. *Railroad Co.,* 147 Mich. 479:

"The rule of construction is well settled that statutes will be given a prospective operation only, unless the legislative intent clearly appears, either by express terms or by necessary implication, to give them a retrospective effect."

See, also, *Harrison* v. *Metz,* 17 Mich. 377; *Price* v. *Oakfield Township Board,* 188 Mich. 524.

In *Toll* v. *Wright,* 37 Mich. 93, 102, 103, Chief Justice COOLEY, stated:

"Statutes of limitation are statutes of repose, and we should seek in construing them to give them the

operation intended. We must not defeat them by a strictness of construction it was never designed they should be subjected to. * * * But the idea of a statute of limitations is only this: that the remedy of the party is to be taken away because he is unreasonably negligent in the assertion of his rights."

We think it was the intent of the legislature that this law should apply to mortgages executed prior to the effective date of the act as well as those executed subsequent thereto. Section three of the act defers the operation of the act for a period of three months. The incorporation of this section in the act was for the sole purpose of giving mortgagees further time to comply with its provisions; if the act applies only to prospective mortgages, this section would be useless and the effective date of the act would be postponed 30 years. We do not think that such a result was the intention of the legislature, moreover, the defendant had ample time, more than 20 months after the effective date of the act, to have the mortgages duly recorded. The failure of the defendant to keep the mortgages recorded in compliance with 3 Comp. Laws 1929, § 14426, precludes their foreclosure by advertisement.

The decree of the lower court is affirmed. Plaintiff may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.