MICHIGAN FIRE & MARINE INS. CO. *v.* HAMILTON.

1. MORTGAGES—RECORDING.
   Statute providing that unrecorded conveyances of real estate shall be void as against subsequent purchasers in good faith and for a valuable consideration of the same real estate whose conveyance is first recorded, applies to mortgages (3 Comp. Laws 1929, § 13304).

2. RECORDS—LEGISLATURE—COURTS—POLICY OF REGISTRY LAWS.
   It is for the legislature and not the courts to determine the policy of the registry laws.

3. MORTGAGES—RECORDING—PARTIES AFFECTED.
   The object of recording a mortgage is to give notice to third persons but the mortgage, as between the parties thereto, is as effectual for all purposes without recording as it is with it.

4. SAME—FORECLOSURE BY ADVERTISEMENT—RECORDING—RENEWALS.
   To entitle a mortgagee to foreclosure of a mortgage by advertisement it must be duly recorded and, if necessary, re-recorded within 30 years as set forth in renewal statute (3 Comp. Laws 1929, §§ 13304, 13356–13359, 14226).

5. SAME—FORECLOSURE IN EQUITY—FAILURE TO RE-RECORD.
   Mortgagee who failed to re-record his mortgage pursuant to mortgage renewal statute *held,* not to have lost his right to foreclose in equity as failure to comply with such act does not discharge the mortgage but merely discharges it as "of record" (3 Comp. Laws 1929, §§ 13304, 13356–13359).

Appeal from Wayne; Miller (Guy A.), J. Submitted April 6, 1938. (Docket No. 17, Calendar No. 39,831.) Decided June 6, 1938.

Bill by Michigan Fire & Marine Insurance Company, a Michigan corporation, against Lois Ross

Hamilton to foreclose a mortgage. Bill dismissed. Plaintiff appeals. Reversed.

*Oxtoby, Robison & Hull* (*Lawrence E. Brown*, of counsel), for plaintiff.

*Marcus & Marcus,* for defendant.

SHARPE, J. This is a suit to foreclose a mortgage. The facts are not in dispute. In 1894, Emma A. Hacking mortgaged certain premises to plaintiff company in the sum of $1,150, said mortgage being due in three years. The mortgage was duly recorded. In 1912, defendant became the owner of the mortgaged premises by mesne conveyances and by inheritance. Payments upon principal and interest were made by the original mortgagor and by the defendant until June, 1937, at which time the balance due upon the mortgage was the sum of $350. In September, 1937, plaintiff company paid the specific mortgage tax, re-recorded the mortgage in compliance with Act No. 216, Pub. Acts 1929, being 3 Comp. Laws 1929, §§ 13356–13359 (Stat. Ann. §§ 26.691–26.694), and filed its bill to foreclose the mortgage. The cause came on for trial and in October, 1937, the trial court dismissed plaintiff's bill of complaint. Plaintiff appeals.

It is the claim of defendant that the ruling in this case is governed by *Austin v. Anderson*, 279 Mich. 424. In the *Austin Case, supra,* the mortgagee undertook to foreclose a mortgage by advertisement more than 30 years past due. We there said, "The failure of the defendant to keep the mortgages recorded in compliance with 3 Comp. Laws 1929, § 14426 (Stat. Ann. § 27.1222), precludes their foreclosure by advertisement."

Section 13304, 3 Comp. Laws 1929 (Stat. Ann. § 26.547), provides:

"Every conveyance of real estate within the State hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded."

This section applies to mortgages, *Burns* v. *Berry,* 42 Mich. 176, and in *Drake* v. *McLean,* 47 Mich. 102, this court said, "it is for the legislature and not for the courts to determine the policy of the registry laws."

In *Smith* v. *Williams,* 44 Mich. 240, the court said:

"Those laws (registry) point out specifically the danger to which the party failing to record his title is exposed, and the courts cannot extend or add to it. *Columbia Bank* v. *Jacobs,* 10 Mich. 349 (81 Am. Dec. 792) ; *Millar* v. *Babcock,* 29 Mich. 526. The danger is indicated by section 4231 of the Compiled Laws, 1871 (this section is the same as 3 Comp. Laws 1929, § 13304 [Stat. Ann. § 26.547])."

In *Bacon* v. *Northwestern Mutual Life Ins. Co.,* 131 U. S. 258, 263 (9 Sup. Ct. 787), the supreme court of the United States said:

"The object of recording the mortgage is to give notice to third persons. The rule is well-nigh universal in the United States that, as between the parties thereto, the mortgage is just as effectual for all purposes without recording as it is with it. Jones on Mortgages (1st Ed.), § 467. This is the rule in Michigan. *Sloan* v. *Holcomb,* 29 Mich. 153."

See, also, *Cutler* v. *Steele,* 93 Mich. 204; 1 Jones on Mortgages (8th Ed.), p. 804, § 589; 41 C. J. p. 569, § 528.

In the case at bar the interests of third parties are not involved; and prior to the enactment of Act No. 216, Pub. Acts 1929, plaintiff could have foreclosed its mortgage in equity regardless of whether it had ever been recorded.

However, to entitle a party to foreclose by advertisement, it is necessary "that the mortgage containing such power of sale has been duly recorded." 3 Comp. Laws 1929, § 14426 (3) (Stat. Ann. § 27.1222). And in *Austin* v. *Anderson, supra,* we held that in foreclosure by advertisement the mortgage must have been re-recorded under Act No. 216.

Section 2 of Act No. 216, *supra* (3 Comp. Laws 1929, § 13357 [Stat. Ann. § 26.692]), provides that the mortgage *"shall be considered as discharged of record."* The language of the act is plain and unambiguous. If the intent was to discharge the *lien* as well as the record of it, it would have been unnecessary to use the words *"of record."* The failure of plaintiff to comply with Act No. 216, did not discharge the mortgage and there being no third persons involved, plaintiff has not lost the right to foreclose in equity.

The decree of the trial court is reversed and the cause remanded for further proceedings. Plaintiff may recover costs.

Wiest, C. J., and Butzel, Bushnell, Potter, Chandler, North, and McAllister, JJ., concurred.