**In re Gary F. BOYD, Debtor.**

**Gary F. BOYD, Plaintiff,**

v.

**Robin PERRY and Linda Perry, Defendants.**

**Bankruptcy No. 94–47749–R.**

**Adv. No. 95–4182–R.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Aug. 24, 1995.

---

Robert J. Singer, Farmington Hills, MI, for plaintiff.

C. Daniel Harry, Clarkston, MI, for defendants.

## OPINION REGARDING CROSS–MOTIONS FOR SUMMARY JUDGMENT

STEVEN W. RHODES, Chief Judge.

This action was filed to determine the validity and priority of the defendants' lien against the debtor's real property in Antrim, Michigan. Cross motions for summary judgment were filed and counsel agreed to waive oral argument. Following review of the briefs, the Court concludes that the mortgage note does not meet the statutory requirements of a mortgage. Therefore, the debtor's motion for summary judgment is granted.

### I.

On August 20, 1990, the debtor signed a mortgage note payable to the defendants in the amount of $15,000. The note stated that the principal sum together with interest would be paid at 8% interest per annum until fully paid. It further stated that "the note is secured by a first mortgage of even date herewith, made by the undersigned to the above payee, which mortgage covers real estate in Antrim, Michigan." The entire transaction was contained in the note and a separate mortgage was never obtained. No other documents were executed between the parties. The debtor paid the defendants $200.00 a month for approximately two years between 1990 and 1991.

On April 26, 1994, the defendants recorded the mortgage note with the Antrim County Register of Deeds after having received no payments from the debtor for a significant period of time. On August 1, 1994, the debtor filed bankruptcy under Chapter 7 and claimed the Antrim real property exempt as the homestead. On November 21, 1994, this Court entered a discharge of debtor. Several months later, the debtor was advised by the title company that the defendants had filed the mortgage note in the register of deeds creating a lien on the property. On March 8, 1995, the debtor filed this adversary proceeding to discharge the lien.

### II.

The debtor argues that the note does not qualify as a mortgage because it does not state the terms of repayment, the legal description of the property is not stated in the proper place, and a separate mortgage was never obtained to secure the loan. The debtor contends that without these elements, the document is intended to be only an unsecured promissory note. The debtor further contends that the note was improperly recorded with the Register of Deeds. Therefore, the debtor argues that the note is not a mortgage and the defendants did not perfect a security interest in the property and the lien should be discharged.

The defendants argue that the note is an equitable mortgage because the debtor's intention was to grant a security interest in the Antrim property. The defendants contend that this is shown by the legal description of the property in the note and the statements made by the debtor in his deposition. The defendants further contend that even though the terms of repayment and the installment payment amount are not stated in the note, it is presumed the principal and interest were payable on demand and that the defendants perfected their security in the property by recording the mortgage note, which contained the conditions for a promissory note and a mortgage securing that note. Therefore, the defendants contend that the perfection of the mortgage note as security for the debt is valid and the lien against the property should not be disturbed.

## III.

■ The mortgage note states as follows:

### MORTGAGE NOTE

$15,000    Walled Lake, Michigan,    Aug. 20 1990

For value received the undersigned promise to pay to the order of Robin or Linda Perry the principal sum of Fifteen Thousand ($15,000) Dollars together with interest from date hereof upon the unpaid principal at the rate of 8 per cent per annum until fully paid, and with interest at the rate of 8 per cent per annum on all overdue principal and interest from the date of its or their maturity. Said principal and interest shall be paid by the undersigned in lawful money of the United States of America as follows:

Township of Central Lake Antrim County The South 108 feet of Government Lot 5, lying West of the County Highway, Section 14, Town 31 North, Range West.

Both principal and interest of this note are payable at to be determined by lender [sic].

Should default be made in the payment of any installments of interest and/or principal due hereunder, then such default shall mature the entire indebtedness evidenced hereby, without notice, at the option of the holder thereof. Every person at any time liable for the payment of the debt evidenced hereby, waives presentment for payment, demand and notice of non-payment of this note, and consents that the holder may extend the time of payment of any part or the whole of the debt at any time at the request of any other person liable.

This note is secured by a first mortgage of even date herewith, made by the undersigned to the above payee, which mortgage covers real estate in Antrim Michigan, described as:

This Court must determine whether the mortgage note meets the requirements of a mortgage. This issue is governed by the Michigan statute, which defines the form of a mortgage as follows:

Any mortgage of lands worded in substance as follows: "A.B. mortgages and warrants to C.D., (here describe the premises) to secure the re-payment of" (here recite the sum for which the mortgage is granted, or the notes or other evidence [evidences] of debt, or a description thereof, sought to be secured, also the date of the re-payment), the said mortgage being dated and duly signed, sealed and acknowledged by the grantor, shall be deemed and held to be a good and sufficient mortgage to the grantee, his heirs, assigns, executors and administrators, with warranty from the grantor and his legal representatives, of perfect title in the grantor, and against all previous incumbrances. And if in the above form the words "and warrant" be omitted, the mortgage shall be good, but without warranty.

M.C.L. § 565.154.

It is undisputed that the mortgage note contains the following information: 1) the legal description of the Antrim, Michigan property; 2) the principal sum of $15,000 as the amount of the debt; 3) the date of the note; and 4) the signature of the grantor/debtor. However, pursuant to the statute, in order for the mortgage note to be found as a mortgage, the document must also state the terms of repayment.

The requirements for a valid mortgage pursuant to M.C.L. § 565.154 are discussed in *United States v. Certain Real Property*, 800 F.Supp. 547 (E.D.Mich.1992). In that case, there was a document which memorialized a monetary loan to the claimants' son. The document specified a loan amount of $60,000, an interest rate of 5% compounded monthly, and a payment schedule of $400 per month beginning February 1, 1994. The document stated that the loan was secured with the deed to the 750 East Shore Drive, Whitmore Lake, Michigan property. The document was signed and dated, but was never recorded. The United States argued that the document was not a mortgage because it lacked the necessary words of conveyance required by M.C.L. § 565.154. However, the court held that the statute requires the mortgage to be worded in substance not in form. The court noted that the first line in the document was "MORTGAGE TERMS." The document also stated the

sum of the mortgage, the date of repayment, an interest rate, and that the loan was secured with a deed to the property. Therefore, the document contained the required substance to be held a valid mortgage.

The court's holding in *United States v. Certain Real Property* is relevant to the facts in the present case. First, as in *Certain Real Property,* the first line of the document is "MORTGAGE NOTE." This implies that the document is a note regarding a mortgage. The document does not state it is merely a promissory note, as the debtor contends. Second, the mortgage note states the sum of $15,000 as the mortgage amount and an interest rate of 8% per annum. Finally, the note states the loan is secured by a first mortgage.

However, *Certain Real Property* is distinguishable because the terms of repayment are not stated in the mortgage note in the present case. The note does not state a definite amount to be paid each month or when payments should begin. Although the debtor made payments to the defendants in the amount of $200 a month for approximately two years, M.C.L. § 565.154 requires that the terms of repayment be stated in a mortgage to avoid any issues regarding the terms of repayment. Therefore, this Court concludes that based on the facts, the mortgage note does not meet the requirements of a mortgage pursuant to the statute.

## IV.

■ The next issue is whether the Court should find that the document is an equitable mortgage, due to the clear intent of the parties to create a mortgage. In *Schram v. Burt,* 111 F.2d 557 (6th Cir.1940), George and Harriet Burt obtained a loan from the bank to build a house on their property. They promised to secure the loan by a note and mortgage upon completion of the house. George Burt presented a joint note and mortgage signed by Harriet and himself to the bank after the house was completed. Harriet Burt claimed the mortgage was not valid because she did not sign the note and mortgage. The court held that the mortgage was binding upon the wife because the husband was invested with the power of general

agent with regard to the management of the property. The court stated the "rule is clearly established that where one party advances money to another upon the faith of a verbal agreement by the latter to secure its payment by a mortgage upon certain lands and improvements, which is not executed, or which, if executed, is so defective or informal as to fall short of being a duly executed mortgage, equity will impress upon such land and improvements a lien in favor of the creditor who advances the money for the security in satisfaction of his debt...." *Id.* at 561.

In the present case, the defendants advanced $15,000 to the debtor based on the mortgage note. As in *Schram,* the parties clearly intended that the note would be secured by a mortgage. However, the facts are distinguishable. In *Schram,* the bank did everything that was possible and that it thought needed to be done to obtain and record a valid mortgage to perfect its security interest. In the present case, the defendants did not take all the appropriate steps to obtain a proper mortgage. The defendants did not have all of the required information in the note, nor did they insist at the time of the loan that the debtor execute a separate mortgage. The parties may have intended to create a mortgage to secure their interest, but even in equity the Court cannot overlook the requirements of the statute and the defendants' lack of thoroughness and diligence in protecting their own position. Therefore, this Court concludes that the mortgage note cannot be considered an equitable mortgage.

Accordingly, this Court concludes that the mortgage note is not a mortgage or an equitable mortgage. Therefore, the defendants have not perfected a security interest in the Antrim property. The debtor's motion for summary judgment is granted and the defendants' motion for summary judgment is denied. An order consistent with this opinion will be entered.