**In re Ayad HAMAMA, Debtor.**

**Stuart A. Gold, Trustee, Plaintiff,**

**v.**

**National City Home Loan Services, a/k/a First Franklin Financial Services, Defendant.**

**Bankruptcy No. 03–46580–R. Adversary No. 03–5214.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Jan. 24, 2005.

852

Paul J. Nicoletti, Bloomfield Hills, MI, for Debtor.

*Opinion*

STEVEN W. RHODES, Chief Judge.

I.

On November 15, 2002, the debtor and his wife executed a mortgage in favor of the defendant to secure a $204,000 loan. On March 7, 2003, the debtor filed for chapter 7 relief. The mortgage was not recorded by the Register of Deeds until March 24, 2003.

On November 5, 2003, the trustee filed this complaint seeking to avoid the recording of the mortgage as a post-petition transfer in violation of 11 U.S.C. § 549(a).

The Court conducted a trial on October 15, 2004. At the conclusion of the trial, the Court questioned whether the recording of the mortgage constituted a transfer under § 549(a). The Court also questioned whether the trustee should be able to proceed under § 544(a) because that section was not mentioned in the final pre-trial order. The Court requested briefs from the parties on those issues and took the matter under advisement.

II.

The trustee's position is that the post-petition recording of the mortgage was a transfer in violation of § 549 and therefore can be avoided. Alternatively, the trustee alleges that the recording violated the automatic stay.

The trustee further contends that he should be able to exercise his strong arm powers under § 544 to avoid the transfer. The trustee asserts that the complaint adequately pled a claim under § 544 and the defendant has no basis for claiming surprise at the § 544 issue. The trustee argues that the joint final pre-trial order is designed to prevent parties from bringing new claims for relief at the last minute, not to prevent parties from pursuing claims included in the complaint but inadvertently omitted from the pre-trial order.

The defendant contends that the transfer took place on November 20, 2002, when the mortgage was delivered to the defendant and the debtor parted with an interest in property. The defendant asserts that there is no requirement that the mortgage be recorded in order to be valid as between the mortgagor and the mortgagee.

The defendant argues that the trustee should not be permitted to pursue claims under either § 362(a) or § 544(a). The defendant contends that the trustee did not include a § 362(a) claim in his com-

plaint. Further, the defendant argues that although the trustee did mention § 544 in the complaint, he did not include it in the joint final pre-trial order. The defendant contends that the joint final pre-trial order only discussed § 549(a) and it would be unfair to permit the trustee to interpose a new claim during closing arguments. Moreover, the defendant contends that, pursuant to LBR 7016–1(a), the joint final pre-trial order supercedes the pleadings and governs the course of trial.

### III.

### A.

11 U.S.C. § 549(a) provides:

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate-

(1) that occurs after the commencement of the case; and

(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a).

▆ Section 101(54) defines "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

▆ The recording of a mortgage does not fall within this definition.[1] The purpose of recording is to provide notice of the mortgage; it is not required for the mortgage to be valid. In *Michigan Fire & Marine Ins. Co. v. Hamilton*, 284 Mich. 417, 279 N.W. 884 (1938), the court noted:

In *Bacon v. Northwestern Life Ins. Co.*, 131 U.S. 258, 263, 9 S.Ct. 787, 789, 33 L.Ed. 128 [(1989)], the supreme court of the United States said: "The object of recording the mortgage is to give notice to third persons. The rule is well nigh universal in the United States that, as between the parties thereto, the mortgage is just as effectual for all purposes without recording as it is with it. Jones Mortg. § 467. That is the rule in Michigan. *Sloan v. Holcomb*, 29 Mich. 153[, 1874 WL 3477 (1874)]."

*Id.* at 885. *See also In re Hayes*, 1996 WL 1038496, *7 (Bankr.N.D.Iowa 1996) ("[T]he mortgage was created at the time it was executed and delivered, not at the time of recording. Iowa Code § 558.41. Thus, the 'transfer' occurred on May 31, 1996 prior to the commencement of the case on June 3, 1996. Although the mortgage was recorded postpetition, the transfer was prepetition.") (citing *In re Elam*, 194 B.R. 412, 415 (Bankr.E.D.Tex.1996)) (applying Texas law to find prepetition foreclosure deed recorded postpetition was not "transfer" § under 549(c)).

The cases cited by the trustee are not on point and do not require a different result. Accordingly, the recording of the mortgage did not constitute a post-petition transfer and the trustee cannot satisfy the requirements of § 549(a).

### B.

Fed.R.Civ.P. 16(e) applies in adversary proceedings pursuant to Fed. R. Bankr.P. 7016 and provides:

**(e) Pretrial Orders.** After any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modi-

---

**1.** The Court notes that under 11 U.S.C. § 547(e)(1), a different result might apply, but that subsection only applies to cases under § 547.

fied by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice.

Fed.R.Civ.P. 16(e).

LBR 7016–1(a) provides in part:

The [final pretrial] order ... becomes an order of the Court, superseding the pleadings and governing the course of trial unless modified by further order. The pretrial order shall not be a vehicle for adding claims or defenses.

LBR 7016–1(a) (Bankr.E.D.Mich.)

■ The Sixth Circuit has held that a party's failure to advance a theory of recovery in a pretrial statement constitutes waiver of that theory. *Olsen v. American Steamship Co.*, 176 F.3d 891, 897 (6th Cir. 1999) (citing *McKinney v. Galvin*, 701 F.2d 584 n. 3 (6th Cir.1983)). *See also Alvarez v. Trans World Airlines, Inc.*, 1991 WL 328775 (E.D.Mich. June 18, 1991) ("[I]f any previously plead claim or defense is not included in the final pretrial order, it shall be waived.").

■ The joint final pre-trial order was signed by counsel for the plaintiff and the defendant. It did not mention § 544(a). Accordingly, any claim under that section was waived.

■ The trustee's claim under § 362(a) was not included in the complaint, but was included in the final pretrial order. As noted above," [t]he pretrial order shall not be a vehicle for adding claims or defenses." LBR 7016–1(a). Accordingly, the trustee will not be permitted to pursue a claim under § 362(a).

The Court will enter an appropriate order dismissing this adversary proceeding.